UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ROY BROWN,

    Plaintiff,

v.

LATIN AMERICAN MUSIC CO., INC., et al.,

    Defendants.

Civil No. 05-1242(JAF)

**O R D E R**

Defendants move to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Docket Document No. 36. Defendants argue that we should reconsider our grant of summary judgment of May 9, 2006, Docket Document No. 31, and assert that this court erred in holding that LAMCO failed to establish a prima facie case of ownership of a valid copyright. Docket Document No. 36.

In our previous opinion, we noted that the only evidence Defendants had presented in support of their counterclaim alleging copyright infringement was a certificate of registration effective February 3, 2000. Docket Document No. 10, Exh. A. While a plaintiff alleging copyright infringement may usually satisfy its burden of proof upon production of such a certificate, 17 U.S.C. § 410(c), in cases such as this, where the certificate was not registered within five years after the first publication of the work in question, the certificate does not constitute prima facie evidence that the

copyright is valid. See Sem-Torq, Inc. v. K Mart Corp., 936 F.2d 851, 854 (6th Cir. 1991) (holding that the district court was not bound to accept the validity of a copyright registered in 1988 for a work first published in 1982); Tuff 'N' Rumble Mgmt. v. Profile Records, No. 95-0246, 1997 U.S. Dist. LEXIS 4186, *6-7 (S.D.N.Y. 1997) (finding that plaintiff has the burden of proving the validity of a copyright for a work that was published eighteen years prior to the copyright certificate being registered); Dollcraft Indus., Ltd. v. Well-Made Toy Mfg. Co., 479 F. Supp. 1105, 1114 (E.D.N.Y. 1978) (holding that plaintiff carries the burden of proving ownership of a valid copyright where a work falls outside the statutory presumption of 17 U.S.C. § 410(c)).

Defendants, in accompaniment with their motion for reconsideration, now submit a certificate of recordation memorializing the assignment of copyright from Corretjer's heirs to LAMCO, Docket Document No. 36-2, and a modified statement of contested facts, Docket Document No. 36-3, meant to fix a previous "inadvertent error." Docket Document No. 36. LAMCO urges the court to consider this evidence now, claiming that it was not previously submitted because ownership of the copyright was not in controversy at the summary dismissal stage. Docket Document No. 36.

Motions for reconsideration "are entertained by courts if they seek to correct manifest errors of law or fact, present newly-discovered evidence, or when there is an intervening change in the

Civil No. 05-1242 (JAF) -3-

law." Lima-Rivera v. UHS of P.R., Inc., No. 04-1798, 2005 WL 2095786 at *1 (D.P.R. Aug. 30, 2005)(citing Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)). Defendants have made no showing, nor do we find, that any such circumstance is presented here.

The First Circuit has repeatedly addressed motions brought under the present posture, stating:

> This court has explained that a motion under Rule 59(e) is not appropriately used to present new issues or evidence: Rule 59(e) motions are aimed at *reconsideration*, not initial consideration. Thus parties should not use them to raise arguments which could, and should, have been made before judgment issued. [Rule 59(e) motions] must either clearly establish a manifest error of law or must present newly discovered evidence.

Jorge Rivera Surillo & Co., 37 F.3d at 29 (quoting Fed. Deposit Ins. Corp. V. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)); see also Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004); Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003). Defendants put forward nothing in the present motion that suggests a manifest error, nor do they rely upon evidence that was not previously available to them. Instead, they ask the court to consider evidence that has always been in their possession, which they chose not to submit. Docket Document No. 36.

We, therefore, **DENY** Defendants' motion for reconsideration. Docket Document No. 36.

Civil No. 05-1242 (JAF)                                                -4-

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of July, 2006.

                                        S/José Antonio Fusté
                                         JOSE ANTONIO FUSTE
                                       Chief U.S. District Judge